By the Court, Nelson, Ch, J.
The revised statutes provide that the record of a conveyance duly recorded, or a transcript thereof duly certified, may be read in evidence with the like force and effect as the original conveyance. (1 R. S., 759, § 17.) The record or transcript is thus made primary evidence of the contents of the deed, and I can therefore perceive no reason why profert may not be made of the transcript, as well as of the original. Indeed, if the averment were in -the usual form, proof of the instrument by the production of a transcript duly certified under the statute, would be sufficient at the trial. The counsel for the plaintiff supposes that he might, in case of such an averment, have been obliged to produce the original; but *37 under the statute the transcript is presented as the original for all the purposes of evidence hi a court of justice.
Our act, in legal force and effect, is somewhat like the statutes of 10 Anne and 3 and 4 Ed. 6, explained by 13 Eliz., the former of which allows proferí of a copy of the enrolment of a deed of bargain and sale, and the latter of an exemplification of the enrolment of letters patent. (1 Phillips' Ev. 463.) And the reason for this is, the party may not have possession of the original ; for it frequently happens that several parcels of land are comprised in the same conveyance, and the title afterwards derived to different persons. Each owner of a parcel cannot, therefore, have the possession or control of the original conveyance.
I put the decision, however, upon the ground that the statute makes the transcript primary evidence of the deed—an original for all the purposes of pleading and proof—and allows it to be used in any stage of the cause, the same as the original.
There must be judgment for the plaintiff, with leave to amend on the usual terms.
Ordered accordingly.